# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------X   Argument date: September 2, 2014
CURTIS ALLEN

              Plaintiff,           Case Number: 3:14-cv-03205-MAS-DEA

v.

NATIONAL RAILROAD PASSENGER
CORP. (AMTRAK), MEYERS PARKING,
INC., and CITY OF NEW YORK

              Defendants.
---------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT DISMISSING THE PLAINTIFF'S COMPLAINT AND CROSS-CLAIMS PURSUANT TO F.R.C.P. RULE 56**

Ruth V. Simon, Esq.
Clausen Miller P.C.
100 Campus Drive, Suite 112
Florham Park, NJ 07932
Phone: (973) 410-4130
*Attorneys for Defendant*
*City of New York*

3664701

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| Table of Authorities | ii |
| Preliminary Statement | 1 |
| Statement of Facts | 2 |

**POINT I**
SUMMARY JUDGMENT IS APPROPRIATE SINCE THERE ARE NO FACTS IN DISPUTE ............................................................................. 2

ARGUMENT

A.    Standard for Summary Judgment ............................................................ 2

B.    The Plaintiff's Complaint Should Be Dismissed Because He Failed To Submit A Notice of Claim, The Time To Do So Has Expired, And He Did Not Plead Prior Notice Of A Defect ............................................................ 2

C.    Plaintiff Has Failed To Bring Suit Within The Statutory Time Allowed And The Complaint Must Be Dismissed ............................................................ 3

**POINT II**
ANY AND ALL CROSS-CLAIMS SHOULD BE DISMISSED BECAUSE THE CITY CANNOT BE LIABLE ............................................................................. 4

CONCLUSION ............................................................................. 5

# TABLE OF AUTHORITIES

**CASES**   **PAGE**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)   3

*Celetex Corp. v. Catrett*, 477 U.S. 317, 330 (1986)   3

*Knox .v new York City Bar of Frachises & N.Y. City*, 48 A.D.3d 756, 757, 853 N.Y.S.2d 573   3

*Impenna v. City of New York,* 256 A.D.2d 551, 682 N.Y.S.2d 464   4

*Matter of National Grange Mut. Ins. Co. v. Town of Eastchester,* 48 A.D.3d 467, 468, 851 N.Y.S.2d 632   3

*McShane v. Town of Hempstead,* 66 A.D.3d 652, 652-53, 886 N.Y.S.2d 751   3

*Minew v. City of New York,* 106 A.D.3d 1060, 966 N.Y.S. 2d 476   4

*Pierson v. New York*, 56 N.Y.2d 950 (1982)   3

*Shahid v. City of New York*, 50 A.D.3d 770, 770, 855 N.Y.S.2d 612   3

**RULES AND STATUTES**

Fed. R. Civ. P. 56(c)   3

G.M.L.§ 50   2,3,4

Administrative Code of the City of New York, § 7-201 (c)(2)   4

## PRELIMINARY STATEMENT

Plaintiff, Curtis Allen, filed a Complaint on May 19, 2014 alleging that he had fallen and suffered damages as a result of the negligence of his employer, National Railroad Passenger Corporation ("Amtrak"). Plaintiff did not specifically identify the area where he supposedly fell other than to say it was in the "31st area designated by Amtrak for its trucks". (Complaint, Doc. 1, ¶ 8). Plaintiff further asserted in the Complaint that after parking and securing the truck he was driving, he stepped out of the truck cab onto a broken curb/sidewalk controlled by defendant Myers Parking Inc. ("Myers") and/or the City of New York ("City"). (*Id*. at ¶ 9).

Plaintiff failed to assert in the Complaint that he had filed a notice of claim with the City within 90 days as required by law and, therefore, may not maintain this action against the City. Further, a plaintiff may not move to extend the time within which to file a notice of claim even assuming he met the requisite standards for extending the time to file a notice of claim, as set forth herein, after one year and 90 days from the happening of the accident. The Statute of Limitations is one year and 90 days to bring suit. Therefore, plaintiff's suit must be dismissed for failing to submit a timely notice of claim, failing to file suit within the one year and 90 day limitations period and failing to plead prior written notice of the defective condition. Accordingly, plaintiff may not bring the instant action against the City and summary judgment should be granted dismissing the Complaint.

Likewise, any cross-claims must also be dismissed. Plaintiff alleges that the curb area where he fell was controlled by Myers or the City. If it was controlled by Myers, the City is not liable. If it is controlled by the City, the claim is barred by the plaintiff's failure to file a timely notice of claim, failure to file suit within the statutory period and failure to plead prior notice of

3664701

the supposed defect. Accordingly, the City respectfully requests that the plaintiff's Complaint be dismissed together with all cross-claims.

### STATEMENT OF FACTS

1. Defendant City is a municipal corporation organized in existing under the laws of the State of New York.

2. Plaintiff Curtis Allen filed a Complaint in the United States District Court for the District of New Jersey on May 19, 2014. (Doc. 1).

3. In the Complaint, plaintiff alleges that on or about May 20, 2012 he was exiting a truck in the area of 31st Street designated by Amtrak for its trucks when he fell onto a broken curb/sidewalk controlled by defendant Myers Parking Inc. and/or the City. (*Id*. 8 and 9).

4. Plaintiff does not plead that he provided any notice of claim to the City as required by General Municipal Law ("G.M.L.") § 50-e(1)(a). (*Id.*)

5. Plaintiff did not file suit within the one year and 90 day period after he allegedly fell as required by G.M.L. § 50-i.

6. Plaintiff did not plead that the City had prior notice of the defect. *(Id.)*

### POINT I

### ARGUMENT

**SUMMARY JUDGMENT IS APPROPRIATE SINCE THERE ARE NO FACTS IN DISPUTE**

**A.   Standard for Summary Judgment**

Summary Judgment is appropriate where the Court is satisfied that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." *Celetex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(c). The undisputed facts in the instant case demonstrate that the City is entitled to dismissal of plaintiff's Complaint and any cross-claims.

**B.    The Plaintiff's Complaint Should Be Dismissed Because He Failed To Submit A Notice of Claim, The Time To Do So Has Expired, And He Did Not Plead Prior Notice Of A Defect**

"Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality. *Matter of National Grange Mut. Ins. Co. v. Town of Eastchester,* 48 A.D.3d 467, 468, 851 N.Y.S.2d 632; *see also Knox .v new York City Bar of Frachises & N.Y. City*, 48 A.D.3d 756, 757, 853 N.Y.S.2d 573. A notice of claim must be filed within 90 days of the happening of the accident. G.M.L.§ 50-e(1)(a). Pursuant to G.M.L.§ 50-e(5), a party may move or petition for leave to serve a late notice of claim alleging negligence within one year and 90 days after the claim has accrued. *See McShane v. Town of Hempstead,* 66 A.D.3d 652, 652-53, 886 N.Y.S.2d 751; *Shahid v. City of New York,* 50 A.D.3d 770, 770, 855 N.Y.S.2d 612.

However, a party may not move to extend the time to file a late notice of claim after the expiration of the one year and 90 day period. The Court of Appeals in *Pierson v. New York*, 56 N.Y.2d 950 (1982), held that, although G.M.L. § 50-e(5) permits a court to grant an application to extend the time in which to serve a notice of claim, it may not entertain such a request filed after the applicable Statute of Limitations had expired. The Court of Appeals in *Pierson* stated that:

> To permit a court to grant an extension after the Statute of Limitations has run would, in practical effect, allow the court to grant an extension which exceeds the Statute of Limitations, thus rendering meaningless that portion of section 50-e which expressly

> prohibits the court from doing so. In our view, it was the intention of the Legislature, manifested in the amended statute, to relax the objectionably restrictive features of the old statute, but to fix the period of the Statute of Limitations as the period within which any relief must be sought. *With the expiration of the period of limitations comes the bar to any claim.*

*Id*. at 955.

Further, a plaintiff is required to plead that there was prior written notice of a dangerous condition. *See Minew v. City of New York,* 106 A.D.3d 1060, 966 N.Y.S. 2d 476 (holding that, pursuant to the Administrative Code of the City of New York, § 7-201 (c)(2), a plaintiff must plead and prove that the City had prior written notice of dangerous condition); *see also Impenna v. City of New York,* 256 A.D.2d 551, 682 N.Y.S.2d 464 (plaintiff's complaint dismissed for failure to plead and prove prior written notice of alleged hazardous condition). Plaintiff has failed to plead that there was any such prior notice of the supposed defective curb.

**C.     Plaintiff Has Failed To Bring Suit Within The Statutory Time Allowed And The Complaint Must Be Dismissed**

Plaintiff also failed to bring suit within the applicable Statute of Limitations of one year and 90 days as set forth in G.M.L. § 50-i. The accident supposedly occurred on May 20, 2012 and suit was not commenced until May 19, 2014. Accordingly, the plaintiff's Complaint is untimely and should be dismissed.

## POINT II

### ANY AND ALL CROSS-CLAIMS SHOULD BE DISMISSED BECAUSE THE CITY CANNOT BE LIABLE

Plaintiff has asserted that either Myers or the City was responsible for the curb area where he supposedly fell. If Myers is responsible, then it cannot maintain a cross-claim against the City. If the City is responsible, then the plaintiff's claim is barred by the Statute of Limitations, his failure to submit a timely notice of claim and plead prior written notice.

## CONCLUSION

Since there are no facts in dispute The City of New York respectfully requests that the Complaint and all cross-claims be dismissed with prejudice.

Respectfully submitted,

CLAUSEN MILLER P.C.

By:   *s/Ruth V. Simon*

Dated: August 7, 2014

Ruth V. Simon
Attorneys for Defendant
City of New York